**Federico GONZALEZ**

v.

**SECRETARY OF HEALTH, etc.**

Civ. No. 363–69.

United States District Court,
D. Puerto Rico.

July 20, 1970.

Baltasar Corrada, McConnell, Valdes, Kelley & Sifre, San Juan, P. R., for plaintiff.

Candita R. Orlandi, Asst. U. S. Atty., San Juan, P. R., for defendant.

ORDER and MEMORANDUM
OPINION

FERNANDEZ-BADILLO, District Judge.

The Court is once more called upon to exercise judicial review of the final decision of the Secretary of Health, Education and Welfare pursuant to which claimant was denied a period of disability and the ensuing benefits within the meaning of the Social Security Act. Multiple applications seeking the benefits repeatedly refused have been filed by plaintiff. However, the current application which gave rise to the administrative findings presently under review was filed on November 1, 1967. His impairments were briefly described therein as "heart condition, hernia and arthritis" (Tr. p. 158). This individual met the special earnings requirement through June 30, 1966. August 1966 was set forth in the 1967 application as the approximate date in which he became

unable to work. The Request for Hearing filed on October 25, 1968 states that, although he felt severely ill in 1966, pressing economic conditions compelled him to continue working until January 1967. He insisted at the hearing that he was "unable to do a thing." However, his work from August 1966 to January 1967 was that of a construction laborer using a pick and shovel. According to his testimony his arthritis and bladder conditions forced him to abandon this activity. He has not worked since then nor attempted to do so.

This record is replete with medical evidence, testimony of different hearings, reports of contact and interviews relative to the several disability applications filed. The first of these dates back as early as 1960.[1] It would be fruitless to recite herein the ample mass of medical evidence accumulated throughout the years. However, the most significant of the documentary and testimonial evidence relevant to the matter under review shall be briefly discussed.

At the hearing plaintiff stated that he had been successfully operated of a hernia about five years before. Arthritis causing swelling of the legs and arms has allegedly been troubling him for ten years. His heart condition, according to his own testimony, began in 1968 causing pain and fatigue upon exertion. A report of contact dated December 12, 1967 reveals that González complained of arthritic pains but that he stated his main impairment to be the heart condition. Dr. R. Arrillaga Torrens examined him on September 4, 1965 and his subjective complaints were of a swollen vein in his chest, pain in the right leg when walking fast, dyspnea and nocturia. The doctor described this as "a very unreliable history as he will say he has any symptom you question him about" (Tr. p. 135). His impression was "mild hypertension, no clinical heart disease. Moderate dorsal scoliosis."

Dr. Jorge Acevedo Defilló, internist, commented on April 22, 1964 that:

"Although this patient claimed that he had severe arthritis with episodes of joint pains and swelling every two weeks, on physical examination there was no evidence of flexion deformities of any of the extremities and there was no limitation of motion. He could walk without any difficulty. The laboratory work up carried out was within normal limits except for the present (sic) of albuminuria, pyuria and bacterias in the urine which is consistent with a diagnosis of pyelonephritis."

The progress notes of the Arecibo Municipal Hospital early in 1965 show that he was voiding well and the urinalyses were negative. On February 9, 1968 he was admitted for better evaluation to the Arecibo Municipal Hospital with complaints of dyspnea and high blood pressure. Diagnostic impressions were urinary tract infection (UTI) and (HCVD)—hypertensive cardiovascular disease. He was discharged on February 26, 1968 after receiving treatment. His urinary condition responded well to dilations so that he was voiding well upon discharge.

The director of the Health Center of Arecibo, P. R., certified on October 21, 1968 that González was under treatment at such institution and reported a diagnosis of urethral stricture requiring urethral dilation. He made a general statement to the effect that because of his health condition plaintiff could not work.

■■ Plaintiff has made allegations of severe disability but has failed to prove such fact. It is not the Secretary's duty to make an initial showing of nondisability. It is clear from the medical evidence, testimony and other sources of proof contained in the record that his physical complaints during the insured period which ended on June 30, 1968 were not disabling within the meaning of the Social Security Act.

1.  The same disabling impairments—heart condition, hernia and arthritis—were alleged.

Claimant himself admitted that his heart condition began in 1968 and prior to such date a finding of severe clinical disease has not been sustained. Likewise his complaints of arthritis cannot be made the basis of a disability determination.

Finally, we must consider one condition that claimant failed to set forth in his application but which was brought up at the oral hearing and is heavily relied upon by plaintiff in his brief. Throughout the record there are notations referring to urethral stricture, urinary infection and necessary dilations. However, it is also revealed that said condition responded positively to treatment. The fact that on October 1968 a certification was issued which contains a diagnosis of urethral stricture and a general statement of disability is an insufficient basis for a disability determination. It is a settled principle in Social Security cases that conflicts in the medical evidence presented are to be resolved by the Secretary.

The Court understands that there is substantial evidence in the record to sustain the negative findings of the Secretary of Health, Education and Welfare. Therefore, the administrative decision now under review must be affirmed and the complaint is hereby dismissed.

It is so ordered.